Craig J. Mariam (SBN: 225280)
cmariam@gordonrees.com
Allison J. Fernandez (SBN: 272853)
afernandez@gordonrees.com
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (877) 306-0043

Attorneys for Defendant
Convergent Healthcare Recoveries

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA VAUGHAN<br><br>    Plaintiff,<br><br>vs.<br><br>CONVERGENT HEALTHCARE RECOVERIES; and DOES 1 through 10, inclusive<br><br>    Defendants. | CASE NO. 2:15-at-893<br><br>[Sacramento County Superior Court Case No. 34-2015-00179167]<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(A) (FEDERAL QUESTION)**<br><br>[Filed concurrently with Notice of Interested Parties and Civil Cover Sheet] |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant Convergent Healthcare Recoveries, Inc. (hereinafter referred to as "Convergent") respectfully submits this Notice of Removal in this civil action from the Superior Court of the State of California for the County of Sacramento to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, based on federal question jurisdiction. Specifically, plaintiff Barbara Vaughan asserts a claim for damages arising out of alleged violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*.

/ / /

/ / /

-1-
Notice of Removal

In support of this Notice of Removal, Convergent, through its counsel, states as follows:

**PROCEDURAL BACKGROUND**

1. Plaintiff commenced this action by filing a Complaint in the Superior Court of the State of California for the County of Sacramento on May 13, 2015, styled *Barbara Vaughan v. Convergent Healthcare Recoveries, Inc.*, Case No. 34-2015-00179167 (the "State Court Action"). A true and correct copy of the summons and complaint is attached hereto as Exhibit "A," in accordance with 28 U.S.C. § 1446(a), and is incorporated by reference.

2. The allegations of the Complaint allege violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq*. (*See* Complaint, ¶ 1). Plaintiff further alleges violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*. (*Id*.) The Complaint was served on Convergent on July 21, 2015.

**BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION**

3. Under 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4. Further, 28 U.S.C. § 1441(b) provides that any civil action for which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

5. This matter may be removed from the state court because this Court has original jurisdiction over claims arising under the FDCPA, which is a law of the United States. Further, the FDCPA provides "[a]n action to enforce any liability [created by this subchapter or under this title] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction." 15 U.S.C. § 1692k(d).

**TIMELINESS OF REMOVAL**

6. As noted above, the Complaint was served on Convergent on July 21, 2015. Convergent's Notice of Removal is therefore timely because Convergent has filed this Notice

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

"within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

**VENUE**

7. Venue is proper in this district and division because the State Court Action was filed and is pending in the Superior Court of the State of California for the County of Sacramento, which is located within the federal United States District Court for the Eastern District of California.

**COMPLIANCE WITH REMOVAL PROCEDURES**

8. Convergent has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446. As noted above, the notice of removal is filed within 30 days of the service of the pleading from which it may first be ascertained that the case is one which is or has become removable.

9. Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, is being served on plaintiff's counsel.

10. Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, will be filed with the Superior Court of the State of California for the County of Sacramento, Case No. 34-2015-00179167.

11. Copies of all process, pleadings and orders served on the defendant are attached hereto.

12. All named defendants are joined in this removal.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1      WHEREFORE, for the foregoing reasons, Convergent removes this action from the
2 Superior Court of the State of California for the County of Sacramento to the United States
3 District Court for the Eastern District of California and respectfully requests that the Court
4 exercise jurisdiction over this action.

                                              Respectfully submitted,

Dated: August 20, 2015                        GORDON & REES LLP


                                       By:   _____
                                              Craig J. Mariam
                                              Allison J. Fernandez
                                              Attorneys for Defendant
                                              Convergent Healthcare Recoveries

**Gordon & Rees LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

1106757/24553065v.1

-4-
Notice of Removal

# EXHIBIT A

# EXHIBIT A

Paul Mankin, Esq. (SBN 264038)
The Law Office of L. Paul Mankin
8730 Wilshire Blvd., Suite 310
Beverly Hills, CA 90211
Phone: (800) 219-3577
Fax: (323) 207-3885
pmankin@paulmankin.com
www.mandflaw.com

Attorney for Plaintiff

FILED
Superior Court Of California,
Sacramento
05/13/2015
lsmith
By_____, Deputy
Case Number:
34-2015-00179167

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SACRAMENTO
LIMITED JURISDICTION

Case No.

BARBARA VAUGHAN,

Plaintiff,

vs.

CONVERGENT HEALTHCARE RECOVERIES; and DOES 1 through 10, inclusive,

Defendant.

) COMPLAINT FOR VIOLATION
) OF ROSENTHAL FAIR DEBT
) COLLECTION PRACTICES ACT AND
) FEDERAL FAIR DEBT COLLECTION
) PRACTICES ACT
)
) (Amount not to exceed $10,000)
)
)   1. Violation of Rosenthal Fair Debt
)      Collection Practices Act
)   2. Violation of Fair Debt Collection
)      Practices Act

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1



## II. PARTIES

2. Plaintiff, Barbara Vaughan ("Plaintiff"), is a natural person residing in Sacramento County in the State of California and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, Convergent Healthcare Recoveries ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692(a)(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of Section 474 of the California Code of Civil Procedure.

5. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## III. FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. Defendant placed telephone calls to Plaintiff on a daily basis mostly from telephone number (916) 431-0872.

8. On information and belief, Defendant contacts Plaintiff, on average, three or more times per day in an attempt to collect an alleged debt.

9. On information and belief, Defendant contacts Plaintiff, on average, fifteen (15) times per week in an attempt to collect an alleged debt.

10. Plaintiff alleges that when she would answer the calls placed by Defendant, either the agent on the other line hangs-up or there would be dead air.

11. Plaintiff is a disabled senior citizen and asserts that the calls are harassing to her, causing her great anxiety and interrupting her daily life.

12. Recently, Defendant placed yet another call to Plaintiff. Plaintiff contends that Defendant called her *new* home phone number from telephone number (661) 316-0270.

13. Plaintiff further contends that Defendant contacted her despite Defendant's awareness of Plaintiff being represented by counsel.

14. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Causing the telephone to ring at any unusual time or unusual place known to be inconvenient to the consumer (§ 1692c(a)(1));

   b) Contacting the consumer after it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive (§ 1692 c(a)(2);

   c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d);

   d) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (§ 1692d(5));

   e) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d)).

15. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

16. Additionally, as a result of Plaintiff being a senior citizen and disabled as defined under California Civil Code Section 3345, and as a consequence of Defendant's wrongful actions, Plaintiff is entitled to a trebling of any damaged imposed by the trier of fact pursuant to California Civil Code Section 3294.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees; and
    D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

//

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

- A. Actual damages;
- B. Statutory damages;
- C. Costs and reasonable attorney's fees; and,
- D. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this May 8, 2015.

By: _____
Paul Mankin, Esq.
Law Office of L. Paul Mankin
Attorney for Plaintiff